IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:03CV527

| | |
|---|---|
| SUSAN CAROL YANKE,<br>　　　　Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| MUELLER DIE CAST SOLUTIONS,<br>INC.,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) |

**ORDER**

**THIS MATTER IS BEFORE THE COURT** in response to certain pending motions in the above-captioned case. The docket sheet reflects that those pending motions are as follows:

(i) "Plaintiff's Motion for Production of Documents Relevant to Plaintiff's First Set of Interrogatories and Request for Production of Documents and the Disclosure of Counsel's Source of Information Regarding Counsel's Line of Deposition Questioning Involving Protected Department of Social Services File Information" ("First Motion to Produce") (Document No. 55), filed July 14, 2005 by Susan Carol Yanke; the "Defendant's Response ..." (Document No. 56), filed July 25, 2005 by Mueller Die Cut Solutions, Inc. ("Mueller"); and the "Supplement to Defendant's Response ..." (Document No. 60), filed July 26, 2005 by Mueller;

(ii) "Motion for the Protection of Documents and Notes Produced by Independent Note Takers at Plaintiff's Second Deposition" ("Second Motion to Produce") (Document No. 57), filed July 25, 2005 by Ms. Yanke; and the "Defendant's Response to Plaintiff's Motion for Production ..." (Document No. 61), filed July 27, 2005 by Mueller;

1

(iii) "Request for Leave to Amend Original Complaint ..." ("Motion to Amend") (Document No. 65), filed July 28, 2005 by Ms. Yanke; and "Defendant's Response for Plaintiff's Leave to Amend ..." (Document No. 72), filed August 15, 2005;

(iv) "Plaintiff's Motion to Compel Counsel for the Defense for Production of Documents ..." ("Motion to Compel") (Document No. 66), filed July 28, 2005 by Ms. Yanke; and "Addendum to Plaintiffs' Motion ..." (Document No. 71), filed August 15, 2005 by Ms. Yanke; and

(v) "Pro Se Plaintiff's Motion for Extension of Time to Prepare a Response to Counsel's Motion for Summary Judgement (sic)" ("Motion to Extend Time") (Document No. 76), filed August 26, 2005 by Ms. Yanke; and "Defendant's Response to Plaintiff's Motion for Extension of Time ..." (Document No. 77), filed August 30, 2005 by Mueller.

The undersigned will address each of these motions in turn.

## I.  FIRST MOTION TO PRODUCE

In the First Motion to Produce, Ms. Yanke asks for two things: (1) the production of documents relating to certain claims brought by her pursuant to the North Carolina Wage and Hour Act, specifically time sheets and/or time cards; and (2) disclosure of the source of information to counsel for Mueller regarding certain questions asked during Ms. Yanke's deposition.  With respect to the former, Ms. Yanke relies upon Rule 26(a)(3) of the Federal Rules of Civil Procedure ("Federal Rules") and contends that such documents are directly relevant to her charges.  With respect to the latter, Ms. Yanke contends that any information in files maintained by the Department of Social Services is protected from disclosure by law.

### A. Time Sheets and/or Time Cards

Rule 37 of the Federal Rules sets forth the parameters under which a party may move for the production of documents. Rule 37 provides, in pertinent part, that a

> party ... may apply for an order compelling disclosure or discovery as follows: (2) If ... a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for [document] inspection submitted under Rule 34, ... fails to permit inspection as requested, the discovering party may move for an order compelling an answer, ... or an order compelling inspection in accordance with the request.

Fed. R. Civ. P. 37(a)(2). In other words, the party moving for production of documents must have properly asked earlier for the production of documents and – in response to that request – the other party must have refused to produce the documents. Ms. Yanke has failed to show that either of these events transpired. The Court has reviewed the "Pro Se Plaintiff's Complete Set of Interrogatories and Request for Production of Documents" and has found no interrogatory or request for production of documents that would require Mueller to produce time sheets and/or time cards. As such, Ms. Yanke cannot seek an order from the Court compelling such production. The Court notes that Ms. Yanke had ample opportunity to seek such production, if she so desired, during the discovery period, which ran from October 2004 through July 2005.

### B. Source of Information From Which Deposition Questions Were Derived

Counsel for Mueller has represented to the Court that she "has had no conversations with [the Department of Social Services] nor has she had access to or attempted to gain access to any [Department of Social Services] files related to Ms. Yanke or her family." The Court finds no grounds to conclude otherwise. Moreover, in certain circumstances, counsel would not be required to disclose any such sources of information, because such sources would be entitled to protection

under the attorney work product doctrine. As such, the Court will not order counsel for Mueller to disclose her sources of information from which certain questions asked of Ms. Yanke during her deposition were derived. Accordingly, the Court will deny the First Motion to Produce.

## II. SECOND MOTION TO PRODUCE

In the Second Motion to Produce, Ms. Yanke asks for "the production of all notes, memos and documents produced by all parties, other than the Court Reporter, in attendance at Plaintiff's second (2nd) deposition session." Ms. Yanke also asks for a copy of the deposition transcript.

With respect to Ms. Yanke's request for the production of notes, as discussed supra I, under Rule 37 of the Federal Rules, the party moving for production of documents must have properly asked earlier for the production of documents and – in response to that request – the other party must have refused to produce the documents. Again, Ms. Yanke has failed to show that either of these events transpired. More importantly, the only notes for which Ms. Yanke could be asking are any notes taken by counsel for Mueller, a paralegal for counsel for Mueller, and an officer of Mueller at the direction of counsel for Mueller. Any notes created by those individuals are protected either by the attorney-client privilege or the attorney work product doctrine. Accordingly, the Court will deny the Second Motion to Produce. The Court notes, for Ms. Yanke's benefit, that Ms. Yanke can obtain a copy of the deposition transcript from the court reporter. Mueller is not required to provide such transcript to Ms. Yanke.

## III. MOTION TO AMEND

In the Motion to Amend, Ms. Yanke asks leave of the Court to amend her complaint to add – as best as the Court can tell – five causes of action: (1) wrongful denial of wages in violation of the North Carolina Wage and Hour Act and the Fair Labor Standards Act; (2) fraud, (3) negligence,

4

(4) slander, and (5) intentional infliction of emotional distress.

Rule 15 of the Federal Rules governs amendment of pleadings. Rule 15 provides in pertinent part as follows:

> Otherwise a party may amend the party's pleading only be leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). The Fourth Circuit explained the application of this standard as follows:

> The decision to grant a party leave to amend its pleadings rests within the sound discretion of the district court. Nevertheless, it is well settled that, in the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be freely given. Moreover, delay in requesting the amendment is generally not a sufficient reason, by itself, to deny the requested motion. Delay, however, can be a sufficient reason for denial of leave when accompanied by futility or prejudice to the non-movant.

HealthSouth Rehab. Hosp. v. Amer. Nat'l Red Cross, 101 F.3d 1005, 1010 (4th Cir. 1996) (internal marks and citations omitted).

Here, Ms. Yanke filed the Motion to Amend on July 28, 2005. The Pretrial Order, entered in this case on October 24, 2005 and as subsequently amended on April 19, 2005, set the discovery deadline as June 30, 2005 and the deadline for the filing of dispositive motions as August 1, 2005. A subsequent amendment to the Pretrial Order extended the discovery deadline to July 29, 2005. By order of the Court, Mueller had only two business days after the filing of the Motion to Amend to file any dispositive motion. Mueller, acting in accordance with the Pretrial Order as subsequently amended, filed its "Defendant's Motion for Summary Judgment" (Document No. 68) and supporting memorandum on July 29, 2005. Only one day elapsed between Ms. Yanke's filing of the Motion to Amend and Mueller's filing of the Defendant's Motion for Summary Judgment. It is patently

obvious that Mueller relied upon Ms. Yanke's original pleading, and her subsequent amendment to that pleading which was allowed by this Court on November 12, 2004, in conducting discovery and preparing its motion under Rule 56 of the Federal Rules. Ms. Yanke makes no showing of any undiscovered facts or subsequently occurring events that would excuse her delay in seeking leave to amend her complaint. Indeed, it appears that Ms. Yanke had full knowledge – as of the November 3, 2003 filing of the Complaint – of any and all facts underlying the Motion to Amend. For the foregoing reasons, the Court finds that there has been undue delay and that allowing the amendment would result in undue prejudice to Mueller. As such, the Court will deny the Motion to Amend.

### IV. MOTION TO COMPEL

In the Motion to Compel, Ms. Yanke seeks the same information and relies upon the same reasons as in the First Motion to Produce. For the reasons discussed <u>supra</u> I, the Court will deny the Motion to Compel.

### V. MOTION TO EXTEND TIME

In the Motion to Extend Time, Ms. Yanke asks for an extension of time in which to respond to the Motion for Summary Judgment. For the purpose of clarity, the Court ruled at the hearing held July 13, 2005 that any dispositive motion should be filed by the date set forth in the Pretrial Order as subsequently amended, but that the Court would not resolve any such motion until after the parties had conducted alternative dispute resolution and the Court received a report of such. The Court did not suspend the deadlines set forth in the Pretrial Order as subsequently amended. Further, the Court did not alter the response and reply times set forth in the Local Rules of Practice and Procedure for the Western District of North Carolina.

Since the filing of the Motion to Extend Time, the Court has received a report from the mediator in which the mediator stated that he declared an impasse. As such, the Motion for Summary Judgment is ripe for disposition. In order for the Court to have the benefit of Ms. Yanke's response, the Court will extend the time for Ms. Yanke to respond to the Motion for Summary Judgment. The Court will grant the Motion to Extend Time only to the extent that Ms. Yanke will have up to and including fourteen days from the entry of this Order in which to respond to the Motion for Summary Judgment.

## VI. ORDER

**IT IS, THEREFORE, ORDERED** that

1. The "Plaintiff's Motion for Production of Documents Relevant to Plaintiff's First Set of Interrogatories and Request for Production of Documents and the Disclosure of Counsel's Source of Information Regarding Counsel's Line of Deposition Questioning Involving Protected Department of Social Services File Information" (Document No. 55) is **DENIED**;

2. The "Motion for the Protection of Documents and Notes Produced by Independent Note Takers at Plaintiff's Second Deposition" ("Second Motion to Produce") (Document No. 57) is **DENIED**;

3. The "Request for Leave to Amend Original Complaint ..." ("Motion to Amend") (Document No. 65) is **DENIED**;

4. The "Plaintiff's Motion to Compel Counsel for the Defense for Production of Documents ..."(Document No. 66) is **DENIED**;

5. The "Pro Se Plaintiff's Motion for Extension of Time to Prepare a Response to

Counsel's Motion for Summary Judgement (sic)" (Document No. 76) is **GRANTED IN PART and DENIED IN PART**; that is, the Motion is granted to the extent that Ms. Yanke shall have up to and including fourteen days from the entry of this Order in which to respond to the "Defendant's Motion for Summary Judgment" (Document No. 68) and is denied in all other respects.

**Signed: September 12, 2005**

David C. Keesler
United States Magistrate Judge