# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:03CV527

| | |
|---|---|
| SUSAN CAROL YANKE, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| MUELLER DIE CUT SOLUTIONS, INC., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion for Summary Judgment..." (Document No. 68) and corresponding "Memorandum of Law in Support..." (Document No. 69), filed July 29, 2005; the "Pro Se Plaintiff's Response to Defendant's Motion for Summary Judgment" (Document No. 81), filed September 26, 2005; the Defendant's "Reply to Plaintiff's Response..." (Document No. 82), filed October 5, 2005, and "Memorandum of Law... Regarding Plaintiff's Claims of General and Sexual Harassment" (Document No. 102), filed December 29, 2006; "Pro Se Plaintiff's Response..." (Document No. 103), filed January 22, 2007; and Defendant's "Reply to Plaintiff's Response ..." (Document No. 104), filed January 26, 2007. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this matter is ripe for disposition.

Having carefully considered the record, applicable authority, and the arguments of the parties at a motions hearing on December 5, 2006, as well as their subsequent supplemental briefs, the undersigned will <u>deny</u>, in part, the "Motion for Summary Judgment" (Document No. 68). By Order of the Court on February 5, 2007 the undersigned granted summary judgment for Defendant as to

claims for sexual discrimination, retaliation, denial of FMLA, slander, and misrepresentation. At that time, the Court deferred ruling on Plaintiff's claims for sexual and general harassment. The undersigned will now deny Defendant's Motion for Summary Judgment as to the remaining claims for harassment.

## I. PROCEDURAL AND FACTUAL BACKGROUND

The procedural and factual background of the case was addressed in the undersigned's previous Order granting partial summary judgment on February 5, 2007 (Document No. 105) and will not be fully restated here. However, on the issue of sexual and general harassment, it is instructive to recall certain allegations that taken in the light most favorable to the Plaintiff the Court will accept as fact for this analysis.

Although other employees of Defendant may have contributed to creating what Plaintiff claims was a hostile work environment, it is the actions of Wayne Bates that the Court finds most significant. Specifically, as presented by Defendant, these behaviors included: 1) stating to Plaintiff, "I am going to bop you;" 2) starting in January 2001, once or twice a week for months until the weather got warmer, telling Plaintiff that her "headlights were on;" 3) approximately five times, telling Plaintiff that her hair and clothes were messed up and that co-worker Al Padron had white stuff all over his face; 4) on February 12, 2001, having five naked women on his computer screen briefly within the view of Plaintiff; 5) one time when Plaintiff was wearing jeans, putting his arm around her where her left breast was and saying "boy what I could do to you in those jeans;" 6) another time, telling Plaintiff that a former employee in her position wore thong underwear and that he wondered what Plaintiff would look like in thong underwear; 7) when Plaintiff was performing inventory duties on a ladder, Bates and Russell Yeomans, who were standing behind her, laughing

2

when Plaintiff asked "what are you two looking at;"and 8) early in her employment, massaging Plaintiff's shoulders for three seconds, although this reportedly did not bother Plaintiff because it did not feel sexual. See "Memorandum of Law in Support of Defendant's Motion..." (Document No. 102, p.2).

## II. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure permits the entry of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). As this Court has previously explained,

> Defendant as the moving party has the initial burden to show a lack of evidence to support Plaintiff's case. If this showing is made, the burden then shifts to the Plaintiff who must convince the Court that a triable issue does exist. Such an issue will be shown "if the evidence is such that a reasonable jury could return a verdict for the [Plaintiff]."

Boggan v. Bellsouth Telecomms., Inc., 86 F.Supp. 2d 545, 547 (W.D.N.C. 2000) (citations omitted).

The non-moving party opposing summary judgment "may not rest upon the mere allegation or denials of his pleading, but his response ... must set forth specific facts showing there is a genuine issue for trial. Anderson, 477 U.S. at 248. In deciding a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party, that is, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255. Furthermore, "the trial judge's summary judgment inquiry as to whether a genuine issue exists will be whether the evidence presented is such that a jury applying that evidentiary standard could

3

reasonably find for either the plaintiff or the defendant." Id.

The Plaintiff is not represented by counsel. The courts traditionally hold pleadings by *pro se* parties "to less stringent standards than formal pleadings drafted by lawyers...." Haines v. Kerner, 404 U.S. 519, 520 (1972). The Fourth Circuit also recognizes that "we must construe pro se complaints liberally." Laber v. Harvey, 438 F.3d 404 (4th Cir. 2006) citing Hemphill v. Melton, 551, F.2d 589, 590-91 (4th Cir. 1977). Therefore the undersigned will interpret the Plaintiff's papers, as it must, "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2nd Cir. 1994).

### III. DISCUSSION

To prevail on a Title VII hostile work environment claim of harassment, a plaintiff must establish that the alleged harassment was: 1) unwelcome, 2) based on a protected characteristic (e.g. gender), 3) sufficiently pervasive or severe to alter conditions of employment and to create a hostile work environment, and 4) imputable to the employer. See Mativa v. Bald Island Mgmt., Inc., 259 F.3d 261, 266 (4th Cir. 2001).

Plaintiff, proceeding *pro se,* describes numerous instances with great specificity that she contends meet the elements to establish a hostile work environment. While, several of her alleged violations certainly fall short of the requirements for a Title VII action, other acts are more compelling and were clearly sexual in nature. In fact, the Defendant admits in his brief that "Mueller does not dispute that there are some acts - all of which are ascribed to Wayne Bates - which arguably are sexual or gender-related." "Memorandum of Law in Support of Defendant's Motion..." (Document No. 69, p.50). The pivotal question posed in this case is whether a reasonable jury could find that the actions of Mr. Bates were sufficiently pervasive or severe so as to create a hostile work

4

environment.

The Supreme Court has stated that "whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances." Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993). Some factors the Court looks for are: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id.

In the instant case, Defendant concedes that Mr. Bates' alleged conduct was "boorish and unprofessional" but contends that it was not severe and pervasive within the meaning of Title VII. "Memorandum of Law in Support of Defendant's Motion..." (Document No. 102, p.7). While the Court agrees that some of Bates' boorish behavior does not fit under Title VII, taking the allegations in the light most favorable to Plaintiff, some might. Telling a co-worker or employee once or twice a week, for four months, that "her headlights were on," stating "I am going to bop you," repeatedly and crudely implying she has been engaged in sexual activity with a co-worker during lunch, displaying naked women on one's computer screen, wondering aloud what she would look like in thong underwear, and putting an arm around her and saying "boy what I could do to you in those jeans" - are all actions that a reasonable jury might find to have created a work environment permeated with intimidation, ridicule and insult. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 242 (4th Cir. 2000).

The undersigned believes that a reasonable jury could find Bates' comments and behavior as frequent, pervasive, and/or humiliating enough to unreasonably interfere with an employee's work performance. Furthermore, the *pro se* Plaintiff has made a persuasive argument that this behavior was unwelcome, gender or sexually-based, and imputable to her employer. Again, looking at all the

5

circumstances, and viewing them in the light most favorable to Plaintiff, in particular a *pro se* plaintiff, these allegations are sufficient to put this case to a jury.

Defendant attempts to diminish the impact of much of the boorish behavior of Defendant's employees by characterizing their acts as mere offensive utterances that are not actionable. Defendant, to its credit, cites numerous cases with arguably more egregious factual circumstances, where courts found no severe or pervasive harassment. At trial, Defendant may very well convince a jury that Plaintiff fails to prevail on all the necessary elements for most, or even all, of her remaining allegations. Defendant, however, has not convinced the undersigned that there are no genuine issues of material fact. This case simply involves too many incidents to be summarily judged at this stage in the litigation.

Further, there are other cases with arguably similar or less egregious facts where courts have denied summary judgment. In Beardsley v. Isom, et al., a former deputy sheriff brought suit against the sheriff and her supervisor, alleging sexual harassment and discrimination. Beardsley v. Isom, et al., 828 F.Supp. 397 (E.D.Va. 1993). Plaintiff specifically alleged that Defendant

> called her "honey" and "dear," touched her shoulder and massaged it for 10-20 seconds on two occasions ... accused her of "making out" with other officers and asked intimate questions about her methods of birth control and her underwear. She also alleges that she learned from her husband that [Defendant] wished to "borrow" her and take her to a bar in West Virginia "all dolled up in tight clothes." She alleges that ... [Defendant] requested she drive him to his car and that it was "his turn" to "make out" with her in the parking lot.

Beardsley, 828 F.Supp. at 398.

Plaintiff's Complaint to the district court in that case included several counts. The Court granted Defendant Summary Judgment on all counts, except Count V for sexual harassment. A jury

6

returned a verdict for Plaintiff awarding compensatory and punitive damages. The Fourth Circuit affirmed the denial of Summary Judgment, stating:

> [Defendant's] sexual innuendos and proposals together with his other discriminatory conduct were sufficiently severe and pervasive to make out a sexual harassment claim. In combination, his acts altered the conditions of [Plaintiff's] employment and created an objectively abusive work environment. ... [Defendant] offered defenses of denial, self-justification, characterization of conduct as jokes not harassment, and alternative reasons for [Plaintiff's] dissatisfaction and departure. Whether the evidence supported [Plaintiff's] claim or [Defendant's] defenses depended largely on the credibility of the witnesses and the inferences the jury could reasonably draw from the facts. Whether [Defendant's] "harassment was sufficiently severe or pervasive is quintessentially a question of fact."

Beardsley v. Webb, et al., 30 F.3d 524, 529-30 (4th Cir. 1994) (citations omitted).

In Smith v. First Union, the plaintiff was subjected "to repeated remarks that belittled her because she was a woman." Smith, 202 F.3d at 243. The Fourth Circuit determined that the "district court incorrectly resolved this question of fact that a jury should decide ...(whether harassment was sufficiently severe or pervasive is "quintessentially a question of fact" for the jury)." Id. (citation omitted). The Court in Smith expounded further on the nature of a hostile work environment:

> The district court failed to recognize that a woman's work environment can be hostile even if she is not subjected to sexual advances or propositions. Instead, and employer violates Title VII "[w]hen the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment....'" A work environment consumed by remarks that intimidate ridicule, and maliciously demean the status of women can create an environment that is as hostile as an environment that contains unwanted sexual advances.

Id. at 242 (citations omitted).

The instant case admittedly presents a close question. However, for the foregoing reasons,

the undersigned finds that Defendant has failed to establish that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Viewing the evidence in the light most favorable to the *pro se* Plaintiff, and drawing all justifiable inferences in her favor, the undersigned believes a reasonable jury could return a verdict for the Plaintiff. This is a case for the jury.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion for Summary Judgment..." (Document No. 68) is **DENIED** with respect to the claims asserted in Plaintiff's Complaint (Document No. 1) for sexual harassment and general harassment.

Signed: February 28, 2007

David C. Keesler
United States Magistrate Judge